**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Gary L. Nedbalski** ) | **CASE NO. 1:13 CV 1609** |
| ) | |
| **Plaintiff,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| **Vs.** ) | |
| ) | |
| **JPMorgan Chase Bank, N.A., et al.** ) | **Memorandum of Opinion and Order** |
| ) | |
| **Defendants.** ) | |

**Introduction**

This matter is before the Court upon defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss (Doc. 11) and defendants Federal National Mortgage Association and Seterus' Motion to Dismiss Plaintiff's Complaint (Doc. 12). This case arises out of the foreclosure of plaintiff's property. For the reasons that follow, defendants' motions are GRANTED.

**Facts**

Plaintiff, Gary Nedbalski, executed a mortgage on his property at 24555 Barrett Road Olmsted Falls, Ohio 44138 ("the property") to secure amounts due on a promissory note, and delivered it to First Security Mortgage Corporation ("FSMC") on November 15, 2005. FSMC transferred its interest in the mortgage to defendant JPMorgan Chase Bank, N.A. ("Chase").

1

Chase subsequently transferred the mortgage to defendant Federal National Mortgage Association ("Fannie Mae"). Defendant Seterus serviced the mortgage on behalf of Fannie Mae.

Fannie Mae filed a Complaint of Foreclosure in the Cuyahoga County Court of Common Pleas in May 2011, Case No. CV-11-755693, ("the foreclosure case") against plaintiff, Chase, and the City of Cleveland, Department of Port Control, Division of Cleveland Hopkins International Airport. In that litigation, plaintiff challenged the foreclosure action in a counter-claim against Fannie Mae and a cross-claim against Chase arguing that they had intentionally misled him during the loan-modification process. Plaintiff alleged they had caused his default by instructing him to miss three mortgage payments and to stop paying his credit cards so he would qualify for a loan modification, incorrectly telling him that his loan had been modified which caused him to go into arrears, and reporting him to a credit agency. The Common Pleas Court rejected plaintiff's arguments and granted summary judgement to Fannie Mae on the complaint and the counter-claim, and to Chase on the cross-claim. Plaintiff appealed to the Eighth District Court of Appeals, but voluntarily dismissed his appeal on July 10, 2013. A sheriff's sale of the property was then scheduled for July 29, 2013.

On July 25, 2013, plaintiff filed this Complaint which contains the same factual recitation presented in plaintiff's counter-claim and cross-claim in the foreclosure case and which alleges seven causes of action against defendants Chase, Fannie Mae, and Seterus. The first three counts allege violations of the RICO statutes. The fourth count alleges violation of the Fair Credit Reporting Act. The fifth count alleges violation of the Truth In Lending Act.

The sixth count alleges pursuit of "conduct that is immoral, unethical, oppressive, unscrupulous or substantially injurious to the Plaintiff."  The seventh count alleges violation of the Real Estate Settlement Procedures Act.  Plaintiff moved the Common Pleas Court for a stay of the sale based on the commencement of this action.  The Common Pleas Court allowed the sale to go forward, but stayed confirmation of the sale pending the outcome of this litigation.

Defendants now move to dismiss the lawsuit.  Plaintiff opposes the motion.

**Standard of Review**

Defendants move the Court to dismiss plaintiff's claims on the basis of the *Rooker-Feldman* doctrine, which is a challenge to the Court's subject matter jurisdiction scrutinized under the Federal Rule Civil Procedure 12(b)(1) standard.  When a court's subject matter jurisdiction is challenged under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the party seeking to invoke jurisdiction bears the burden of proof. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Rogers v. Stratton*, 798 F.2d 913, 915 (6th Cir. 1986).  This burden is not onerous. *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996).  The party need only show that the complaint alleges a substantial claim under federal law. *Id*.

A 12(b)(1) motion to dismiss may constitute either a facial attack or a factual attack. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).  Facial attacks question the sufficiency of the jurisdictional allegations in the complaint. *Id*.  Thus, those allegations must be taken as true and construed in the light most favorable to the nonmoving party. *Id*.  Factual attacks, however, challenge the actual fact of the court's jurisdiction. *Id*.  In such cases, the

truthfulness of the complaint is not presumed. *McGee v. East Ohio Gas Co.*, 111 F.2d 979, 982 (S.D. Ohio 2000) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320 (6th Cir. 1990)).  Instead, the Court may weigh any evidence properly before it. *Morrison v. Circuit City Stores, Inc.*, 70 F. Supp. 2d 815, 819 (S.D. Ohio 1999) (citing *Ohio Nat'l*, 922 F.2d 320; *Rogers*, 798 F.2d 913).  The Court may consider affidavits and other documents outside the record on a Rule 12(b)(1) motion, but it must do so in a manner that is fair to the non-moving party. *Rogers v. Stratton, Indus, Inc.*, 789 F.2d 913, 918 (6th Cir. 1986).

Defendants have also moved the Court to dismiss under 12(b)(6). A 12(b)(6) motion may be premised on res judicata. *Begala v. PNC Bank, Ohio, Nat. Ass'n*, 214 F.3d 776, 779 (6th Cir. 2000).  When considering such a motion, a court primarily rests upon the allegations of the complaint, "although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)).  The allegations of the complaint must be taken as true and construed liberally in favor of the plaintiff. *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir. 1999).  However, "a court is not required to accept as true unwarranted legal conclusions and/or factual allegations." *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 327 (6th Cir. 2006).  In the context of factual allegations, courts distinguish between "reasonable" factual inferences that must be accepted and "unwarranted" factual inferences that need not be accepted. *Id*. at 328.

As a threshold matter, the Court must assess defendants' jurisdictional challenge before it can address the motions to dismiss under Rule 12(b)(6). *See* Fed. R. Civ. Pro.

4

12(h)(3).

### **Analysis**

Defendants argue that this Court is without jurisdiction to consider plaintiff's claims. Defendants assert that plaintiff's suit requires this Court to overrule the action of the state court on questions previously litigated there. Defendants assert that plaintiff's claims in this case are inextricably intertwined with the foreclosure case because the factual allegations presented in both are identical and this suit is barred by the *Rooker-Feldman*, res judicata, and collateral estoppel doctrines.

Plaintiff responds by disputing the validity of the state court's judgment in the foreclosure case, arguing that it is void and cannot be used as a basis for barring the present action under any of those doctrines. Plaintiff argues that his property is included in the City of Cleveland's Airport Layout Plan. The Airport Layout Plan was submitted with the City of Cleveland's federal grant applications to the Federal Aviation Administration, through which the City of Cleveland received federal money. Federal law provides that the approval of a grant application is conditioned on the satisfaction of project requirements by the City of Cleveland, one of which is that the City of Cleveland will hold good title to all land to be used by the airport and it will not be encumbered by a mortgage.[1] Therefore, plaintiff argues that the mortgage placed on the property is void which renders the judgement in the foreclosure case also void.

Upon review, the Court finds that it lacks jurisdiction over this matter. In *Rooker v.*

---

[1] Plaintiff fails to attach the Airport Layout Plan and affidavit although in his brief he purports to do so.

5

*Fidelity Trust Co.*, 263 U.S. 413 (1923), the plaintiffs filed a lawsuit in federal district court arguing that an adverse state court judgment was "null and void." The Court held that 28 U.S.C. § 1257 vests the Supreme Court with exclusive jurisdiction over state court appeals. Because district courts are courts of original, as opposed to appellate jurisdiction, the district court lacked subject matter jurisdiction over the case. Sixty years later, the Supreme Court decided *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). In *Feldman*, the Court in essence held that legal bar applicants could not appeal a decision from the District of Columbia Court of Appeals rejecting their bar applications to the district court. The holdings in these two cases are now commonly known as the *Rooker-Feldman* doctrine.

The Supreme Court has criticized district courts for expanding the *Rooker-Feldman* doctrine. For example, in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005) the Court reiterated that the doctrine is confined to "cases brought by state court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id*. at 284. Thus, in *Exxon Mobil*, the Court held that the *Rooker-Feldman* doctrine does not preclude a district court from exercising subject matter jurisdiction over a case even though a parallel state court case is proceeding. Because the complainant is not a "state-court loser," the doctrine does not apply. *See also, Lance v. Dennis*, 546 U.S. 459 (reiterating that *Rooker- Feldman* doctrine is to be narrowly construed).

The holding in *Rooker* is, however, directly applicable here. The state trial court adopted the Magistrate Judge's decision in the foreclosure case on October 30, 2012. Plaintiff appealed the foreclosure, but then voluntarily dismissed his appeal on July 10, 2013.

Plaintiff now comes before this Court, claiming that the state court judgement is void. Plaintiff raises a challenge against the validity of the state court's judgement in the foreclosure case and not to that court's jurisdiction over it. *Miller v. Nelson-Miller*, 972 N.E.2d 568 (Ohio 2012) ( "[A] judgment is generally void only when the court rendering the judgment lacks subject-matter jurisdiction or jurisdiction over the parties[.]").  This is precisely the situation presented in *Rooker*.  Plaintiff, who lost in state court, filed this action after the judgment had been rendered in state court.  Federal district court review of state court decisions, however, is precluded by *Rooker*.  Rather, the United States Supreme Court is vested with exclusive federal jurisdiction over state court appeals.  Accordingly, this court lacks jurisdiction over this matter. *Feldman*, 460 U.S. at 483-84.  Having concluded that the Court lacks jurisdiction, the Court need not address whether the doctrines of res judicata and collateral estoppel would also bar assertion of plaintiffs' claims.

**Conclusion**

For the foregoing reasons, defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss (Doc. 11) and defendants Federal National Mortgage Association and Seterus' Motion to Dismiss Plaintiff's Complaint (Doc. 12) are GRANTED.  The case is DISMISSED and judgment is entered in favor of defendants.

IT IS SO ORDERED.


   /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 1/17/14